```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

UNITED STATES OF AMERICA　§
　　　　　　　　　　　　　　§
V.　　　　　　　　　　　　　§　CRIMINAL NO. H-11-624-M
　　　　　　　　　　　　　　§
JASON M. LALL　　　　　　　§

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. §§ 3142(e), (f)(1)].

　　[ ] (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

　　　　[ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

　　　　[ ] an offense for which the maximum sentence is life imprisonment or death.

　　　　[ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

　　　　[ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

　　[ ] (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

　　[ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant

              from imprisonment) for the offense described in finding 1.

      [ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

    [ ] (1) There is probable cause to believe that the defendant has committed an offense

        [ ]  for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]  under 18 U.S.C. § 924(c).

    [ ] an offense listed in section 2332b(g)(5)(B) of title 18 for which a maximum term of imprisonment of ten years or more is prescribed;

    [ ] an offense under chapter 77 [Peonage, Slavery, and Trafficking in Persons] of this title for which a maximum term of imprisonment of twenty years is prescribed;

    [ ] an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

    [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [X] (1) Defendant is charged with bank fraud and conspiracy to commit bank fraud.

    [x] (2) There is a serious risk that the defendant will flee.

    [x]  (3)  Defendant allegedly committed the present offense while on state bond.

    [ ]  (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[ ]  D.  Findings of Fact [18 U.S.C. § 3142(c)]

    [ ]  (1)  As a condition of release of the defendant, bond was set as follows:

    [ ]  (2)

    [ ]  (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

    [ ]  (4)

    [ ]  (5)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

    1.  Defendant Jason Lall is a thirty-six-year-old naturalized U.S. citizen charged with bank fraud and conspiracy to commit bank fraud.

    2.  The criminal complaint alleges that Lall and others re-coded debit cards and skimmed debit cards numbers in order to steal money from victims' bank accounts. Lall was the ringleader of the group until he began serving a sentence of incarceration at which time Co-defendant Griffin took over the operation.

    3.  At the time of the bond hearing, Defendant's lease had

expired and he had no stable residence. Defendant's girlfriend offered to co-sign the bond and allow him to live with her if he could secure release, however, the court finds that this condition would not address the risk of flight and danger to the community posed by this defendant.

4. Defendant claims to be self-employed repairing computers.

5. Defendant has a significant criminal history:

a. On October 9, 1995, Defendant was charged with theft $20-$500 in Lewisville, Texas. On November 10, 1997, he was placed on deferred adjudication probation for twelve months and fined $400.

b. On February 18, 1996, Defendant was charged with credit card abuse in Dallas, Texas. On November 13, 1996, the charge was dismissed.

c. On July 4, 1996, Defendant was charged with theft of property $500-$1,500 in Irving, Texas. On September 12, 2001, the charge was dismissed.

d. On June 3, 1997, Defendant was charged with forgery/counterfeiting a driver's license, forgery of a financial instrument and failure to identify/fugitive from justice in Mesquite, Texas. On January 17, 2001, he pled guilty to tampering with a government records with the intent to defraud and was sentenced to time served.

e. While the above charge was pending, Defendant was charged with theft of property $20,000-$100,000 and failure to identify/fugitive from justice in Dallas, Texas on March 22, 1998. Those charges were dropped.

f. On July 14, 1998, Defendant was charged with unauthorized use of an access device in the U.S. District Court, N.D. Texas, Dallas Division. On October 2, 1998, he pled guilty. **On December 18, 1998, Defendant failed to appear for his sentencing and his bond was revoked on February 9, 1999.** On June 11, 1999, he was sentenced to 37 months confinement and 3 years supervised release. On September 23, 2009, his supervised release was revoked and he was sentenced to an additional 9 months custody.

g. On August 14, 1998, Defendant was charged with six counts of credit card abuse. On January 17, 2001, he pled guilty and was sentenced to time served.

h. On February 19, 1999, Defendant was charged with failure

to appear in the U.S. District Court, N.D. of Texas. He was arrested on January 22, 1999, in Brooklyn, N.Y. He was sentenced to 13 months confinement on this charge to run consecutive with the charge described in paragraph f. above. On September 23, 2009, his supervised release was revoked and he was sentenced to 9 months confinement, to run concurrently with the revocation in f. above.

 i. On July 29, 2005, Defendant was charged with escape from custody in the U.S. District Court, N.D. of Texas, Dallas Division. On September 16, 2005, he pled guilty and was sentenced to 14 months confinement, followed by two years supervised release. His supervised release was revoked on September 23, 2009, and he was sentenced to 9 months confinement.

 j. On February 26, 2011, Defendant was charged with forgery/fraud in connection with identification information. He was released on a $5,000 bond.

 6. It appears that Defendant committed the instant offense while on bond for a state credit card fraud charge.

 7. In light of the foregoing, there is no condition or combination of conditions of release that can address the risk of flight posed by this defendant or the danger to the community based on his continued law violations. Detention is ordered.

<u>Directions Regarding Detention</u>

 It is therefore **ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

 Signed in Houston, Texas, this 22nd day of June, 2011.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE